**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5225

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

WAYNE D. THOMPSON, a/k/a Buck Naked, a/k/a Wayne Donnell
Thompson,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:08-cr-00309-RLW-1)

Submitted:  August 31, 2009        Decided:  November 30, 2009

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark Diamond, Richmond, Virginia, for Appellant.  Dana J.
Boente, Acting United States Attorney, Angela Mastandrea-Miller,
Assistant United States Attorney, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne D. Thompson appeals his conviction after a jury trial of one count of possession with intent to distribute cocaine base within 1000 feet of a public school, in violation of 21 U.S.C. §§ 841(a), 860 (2006), and his 300-month sentence. We affirm.

On appeal, Thompson first argues that his waiver of counsel and election to proceed pro se was involuntary, unknowing, and unintelligent, and that the district court compounded its error by denying Thompson the assistance of stand-by counsel. The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation. Faretta v. California, 422 U.S. 806, 819 (1975). The decision to represent oneself must be knowing and intelligent. Id. at 835. Courts must entertain every reasonable presumption against waiver of counsel. Brewer v. Williams, 430 U.S. 387, 404 (1977). The record must show that the waiver was voluntary, knowing, and intelligent. United States v. Gallop, 838 F.2d 105, 110 (4th Cir. 1988). Determination of a waiver of the right to counsel is a question of law to be reviewed de novo. United States v. Singleton, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997).

While a trial court must determine if a waiver of counsel is knowing and intelligent, no particular interrogation

2

of the defendant is required, so long as the court warns the defendant of the dangers of self-representation so that "'his choice is made with his eyes open.'" United States v. King, 582 F.2d 888, 890 (4th Cir. 1978) (citations omitted); see also Singleton, 107 F.3d at 1097-98 (court must consider record as a whole, including the defendant's background, capabilities, and understanding of the dangers and disadvantages of self-representation). "The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

Our review of the record leads us to conclude that the district court did not err in granting Thompson's request to waive counsel and proceed pro se. Nor did the court err in limiting stand-by counsel's participation during the trial. Although a district court may allow "hybrid" representation in which the attorney and defendant both participate actively in the trial, declining to permit this type of representation does not violate a defendant's constitutional rights. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984).

Thompson next argues that the evidence was insufficient to establish that his crime occurred within 1000

3

feet of a school.  A defendant challenging the sufficiency of the evidence faces a heavy burden.  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).  "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear."  United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted).

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it.  Glasser v. United States, 315 U.S. 60, 80 (1942).  In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).  In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  We have reviewed the trial transcript and conclude that the evidence was sufficient.

Thompson next argues that he was deprived of a fair trial due to the clear bias of the district court against him.

4

He asserts that the court did not allow him to cross-examine witnesses, present his case, or testify. A judge must recuse himself in cases where the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice either against the affiant or in favor of any adverse party, 28 U.S.C. § 144 (2006), or where his impartiality might reasonably be questioned. 28 U.S.C. § 455 (2006). The alleged bias must stem from an extrajudicial source. Liteky v. United States, 510 U.S. 540, 555 (1994); Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984).

Thompson did not file a motion seeking recusal of the trial judge or the affidavit required by § 144, and we conclude that he has failed to demonstrate any grounds for recusal because the record demonstrates that "[t]he district judge did nothing even remotely inappropriate at any point during this case." United States v. Gordon, 61 F.3d 263, 268 (4th Cir. 1995). Moreover, the court properly exercised its discretion in ruling that, if Thompson elected to testify, the court would ask questions of him and would not allow him to testify in narrative form.

Thompson also argues that the district court failed to adequately consider his motion to exclude photographs stored in his cell phone. He argues that he was entitled to prior notice and the opportunity to examine the photographs pursuant to Fed.

5

R. Crim. P. 16(a)(1)(E). We review the district court's evidentiary ruling for abuse of discretion. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). The record does not reflect any request for discovery filed by Thompson, which is a necessary predicate to the government's obligations under Rule 16(a)(1)(E). Moreover, the government's exhibit list included the cell phone as an item to be introduced at trial. Thus, Thompson was on notice that the cell phone would be introduced into evidence, and his failure to file a discovery request relieved the government of the obligation to allow him to inspect the phone and its contents prior to trial. The district court did not abuse its discretion in overruling Thompson's objection.

Thompson's final argument is that the district court erred at sentencing. He first asserts that the court failed to specify the offense level and criminal history category it used to calculate his sentence. This argument is without merit. The sentencing hearing included an extensive discussion of the career offender sentencing range, and the court specifically noted the range that would have applied if Thompson were not a career offender. In granting Thompson's motion for a variance sentence, the court elected to impose a non-Guidelines sentence that was not linked to an offense level and criminal history category.

6

Thompson next asserts that the district court failed to adequately explain how it applied the 18 U.S.C. § 3553(a) (2006) factors. "When rendering a sentence, the district court 'must make an <u>individualized</u> assessment based on the facts presented.'" <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (quoting <u>Gall v. United States</u>, 552 U.S. 38, 128 S. Ct. 586, 597 (2007)).

> Moreover, the district court must "state in open court" the particular reasons supporting its chosen sentence. 18 U.S.C. § 3553(c) (2006). In doing so, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." <u>Rita v. United States</u>, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007).

<u>Carter</u>, 564 F.3d at 328. Thompson's assertion of error is without merit. The district court discussed the relevant § 3553(a) factors, the purposes of sentencing, and the enhanced sentencing structure for career offenders. The district court's explanation of its sentence clearly reflects the individualized assessment required by <u>Carter</u>.

Thompson's final assertion of sentencing error is that the court "said it was going to sentence Mr. Thompson to two times the statutory minimum sentence of ten years, or 240 months in prison, and then sentenced Thompson to 300 months in jail, instead." This argument is without merit, as it is clearly

7

based on a misinterpretation of the court's statements in explaining its sentence.

Accordingly, we affirm Thompson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>